**IN THE UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF ARKANSAS**
**PINE BLUFF DIVISION**

**ROBERT E. LEAVY, JR.**                                                                        **PETITIONER**

VS.                      **CASE NO.: 5:15CV00092 JM/BD**

**WENDY KELLEY, Director,**
**Arkansas Department of Correction**                             **RESPONDENT**

**RECOMMENDED DISPOSITION**

**I**. **Procedure for Filing Objections**

The following Recommended Disposition ("Recommendation") has been sent to United States District Court Judge James M. Moody, Jr.  Mr. Leavy – or any party – may file written objections with the Clerk of Court within fourteen (14) days of filing of this Recommendation.  Objections must be specific and must include the factual or legal basis for the objection.  An objection to a factual finding must identify the finding of fact believed to be wrong and describe the evidence that supports that belief.

By not objecting, any right to appeal questions of fact may be jeopardized.  And, if no objections are filed, Judge Moody can adopt this Recommendation without independently reviewing the record.

**II.** **Background**

On November 17, 2005, after a bench trial, a Pulaski County Circuit Court found petitioner Robert E. Leavy Jr. guilty of aggravated robbery and theft of property.  (Docket entry # 4-2, pp. 23-28)  The sentencing court imposed a 20-year sentence for aggravated robbery with a concurrent 5-year sentence for theft of property.

On October 25, 2006, the Arkansas Court of Appeals affirmed Mr. Leavy's conviction and sentence. (#4-4) The court issued its mandate on November 14, 2006. Mr. Leavy did not petition the Arkansas Supreme Court for review. (#4-5) Instead, he filed a Rule 37 petition with the trial court on January 10, 2007. (#4-6) On February 26, 2007, before the State had filed a response, the trial court denied Mr. Leavy's Rule 37 petition as untimely. (#4-7) Mr. Leavy did not appeal the dismissal, even though, as Respondent notes, Mr. Leavy's Rule 37 petition was actually timely filed. (#4, p. 3; #4-8)

On March 25, 2015, Mr. Leavy filed the pending petition for writ of habeas corpus. (#1) Respondent, Director Wendy Kelley, filed a response arguing that the petition is time-barred. (#4) Mr. Leavy has replied. (#6) For the reasons explained below, the Court must recommend that Judge Moody DISMISS Mr. Leavy's petition, with prejudice.

### III.   Discussion

The Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA") establishes a one-year limitations period for a state prisoner to commence a habeas corpus proceeding under 28 U.S.C. § 2254. 28 U.S.C. § 2244(d)(1). The limitations period begins to run from, "the date on which the judgement became final by the conclusion of direct review or the expiration of the time limit for seeking such review." 28 U.S.C. § 2244(d)(1)(A).

When the petitioner has used the state appeals process, but has not sought direct review in the United States Supreme Court, the judgment is generally deemed final at the expiration of the time allowed to seek Supreme Court review – that is, ninety days after the conclusion of the petitioner's direct appeals in the state system. *King v. Hobbs*, 666 F.3d 1132, 1135 (8th Cir. 2012) (citations omitted). Mr. Leavy used the state appeals process by appealing to the Arkansas Court of Appeals, but did not seek review in the Arkansas Supreme Court – a prerequisite for review by the Supreme Court of the United States. See *Parmley v. Norris*, 586 F.3d 1066, 1069 (8th Cir. 2009)(Supreme Court review is limited to judgments of a state court of last resort, or a lower state court if the state court of last resort has denied discretionary review).

Citing *Gonzales v. Thaler*, Director Kelley argues that, because Mr. Leavy did not petition the Arkansas Supreme Court for review, the judgment became final on October 25, 2006, the date that the Arkansas Court of Appeals issued its opinion. (#4, p. 4) That is *not* the holding in *Gonzales*. In *Gonzalez*, the Supreme Court specifically rejected this argument.[1]  132 S.Ct. 641, 653-654 (2012).

---

[1] Ultimately, the difference in dates does not matter is this case. There are cases, however, where the additional time is crucial. Director Kelley has made this same erroneous argument in a number of cases since *Gonzalez* was decided in 2012. If she continues urge the Court to assume an incorrect final-judgment date in future cases, she should, at the very least, explain that she is making a nonfrivolous argument to modify or reverse the holding in *Gonzalez*, instead of erroneously stating the holding in *Gonzalez*.

In *Gonzalez*, the petitioner, like Mr. Leavy, appealed his conviction to the intermediate State appellate court, but allowed his time for seeking discretionary review with the State's highest court to expire. *Id*. at 646. The Supreme Court did not consider Mr. Gonzalez's appeal final on the date the intermediate State appellate court issued its opinion, as argued by Director Kelley. Instead, the Supreme Court stated:

> We hold that, for a state prisoner who does not seek review in a State's highest court, the judgment becomes "final"on the date that the time for seeking such review expires. *Id*.

When analyzing the various arguments, the Supreme Court stated:

> [B]ecause Gonzalez did not appeal to the State's highest court, his judgment became final when his time for seeking review with the State's highest court expired. *Id*. at 654.

And in conclusion, the Supreme Court again made its holding absolutely clear:

> We further hold that, with respect to a state prisoner who does not seek review in a State's highest court, the judgment becomes "final" under § 2244(d)(1)(A) when the time for seeking such review expires. *Id*. at 656.

Clearly, when a petitioner has brought an appeal in the State courts, but cannot seek Supreme Court review because the petitioner did not seek review from the State court of last resort, the judgment becomes final when the petitioner's time for seeking review in the State's highest court expires– not from the date of an intermediate court's opinion.

The Arkansas Court of Appeals affirmed Mr. Leavy's conviction and sentence on October 25, 2006. (#4-4) Mr. Leavy had 18 days to petition the Supreme Court of

Arkansas for review, but he did not do so. Because Mr. Leavy did not seek review from the Supreme Court of Arkansas, the one-year limitations period began to run no later than November 14, 2006, the day after his time to seek review in the State's highest court expired.[2] Mr. Leavy waited to file the pending petition until March 25, 2015 – more than eight years after his conviction became final. Thus, his claims are barred by the one-year statute of limitations unless the limitations period can be tolled.

    A.    *Statutory Tolling*

The time during which a properly filed application for State postconviction or other collateral review is pending does not count toward the limitations period. 28 U.S.C. § 2244(d)(2). Only a timely filing is "properly filed." *Pace v. DiGuglielmo*, 125 S.Ct. 1807, 1814, 544 U.S. 408, 417 (2005).

Mr. Leavy filed his Rule 37 petition on January 10, 2007. (#4-6) The trial court denied the Rule 37 petition on February 26, 2007. (#4-7) Mr. Leavy's Rule 37 petition was timely, even though the trial court found that it was not. This filing tolled the limitations period for the forty-seven days the petition was pending. Mr. Leavy did not appeal, so he is not entitled to any additional tolling related to this filing. (#4-8)

---

[2] The Arkansas Court of Appeals issued its opinion on October 25, 2006. A defendant has 18 calendar days from the date of decision to petition the Supreme Court of Arkansas for review. Ark.Sup.Ct. R. 2-4(a). When, as here, the last day for filing falls on a weekend, the time is extended to the next business day. ARK.R.APP.P.CRIM. R. 17. The time to petition for review extended to Monday, November 13, 2006, and the limitations period began to run the following day, November 14, 2006.

It does not appear that Mr. Leavy filed any additional State postconviction petitions and motions before the end of the limitations period. Any State postconviction petitions or motions filed after the expiration of the limitations period would not be the basis for statutory tolling, because the limitations period had already run. *Painter v. Iowa*, 247 F.3d 1255, 1256 (8th Cir. 2001).

In some circumstances, the one-year limitations period does not begin to run until the constitutional right asserted was initially recognized by the Supreme Court. 28 U.S.C. § 2244(d)(1)(C). That exception, however, does not aid Mr. Leavy's cause. He does not raise this exception, and the Court is not aware of any decisions that would open the door to statutory tolling in this case.

Based on the record, Mr. Leavy is entitled to forty-seven days of statutory tolling. This forty-seven day tolling does not bring the filing date of the instant petition within the statute of limitations  Accordingly, Mr. Leavy's petition is barred unless it can be saved by equitable tolling.

B.    *Equitable Tolling*

The statute of limitations set out in 28 U.S.C. § 2244(d) is subject to equitable tolling. *Holland v. Florida*, 130 S.Ct. 2549, 2560 (2010). A petitioner invoking equitable tolling, however, bears the burden of showing that he has been pursuing his rights diligently, but that some extraordinary circumstance stood in the way of a timely filing. *Id*. at 2562 (citing *Pace*, 544 U.S. at 418). While equitable tolling is a recognized

exception to the one-year limitations period, it affords an "exceedingly narrow window of relief." *Jihad v. Hvass*, 267 F.3d 803, 805 (8th Cir. 2001).

Mr. Leavy does not offer a basis for equitable tolling in his petition or reply. (#1 and #6) He failed to note any circumstance, much less an extraordinary circumstance, that prevented him from filing this federal habeas petition sooner. Accordingly, Mr. Leavy is not entitled to equitable tolling.

    C.    *Actual Innocence*

The Supreme Court of the United States has held that actual innocence, when proved, allows a petitioner to overcome expiration of the AEDPA's one-year limitations period. *McQuiggin v. Perkins*, __ U.S. __, 133 S. Ct. 1924, 1928 (2013). To make a threshold showing of actual innocence, however, a petitioner must show that, in light of new evidence, no reasonable jury would have found him guilty beyond a reasonable doubt. *Id*. (citations omitted). Even under *McQuiggin*, diligence and the timing of a petition are considered in determining whether a petitioner has made a convincing showing of actual innocence. *Id*. at 1936.

To be credible, a claim of actual innocence requires a petitioner to support his allegations with "reliable evidence– whether it be exculpatory scientific evidence, trustworthy eyewitness accounts, or critical physical evidence– that was not presented at trial." *Schlup v. Delo*, 513 U.S. 298, 324, 115 S. Ct. 851, 865 (1995). Mr. Leavy has not made this showing.

During trial, Mr. Leavy testified that he was only an accomplice as another person stole the victim's purse and that they did not have a gun or tell the victim that they had a gun. He urged the trial court to find him guilty of simple robbery rather than aggravated robbery. (#4-2, pp. 192-199) He has not presented any evidence that would call his convictions into question. Accordingly, the record does not provide any basis for a finding of actual innocence.

## IV.     Certificate of Appealability

When entering a final order adverse to a petitioner, the Court must issue or deny a certificate of appealability. Rule 11 of the Rules Governing Section 2254 Cases in the United States District Court. The Court can issue a certificate of appealability only if Mr. Leavy has made a substantial showing of the denial of a constitutional right. 28 U.S.C. § 2253(c)(1)-(2). Here, Mr. Leavy has not provided any basis for issuing a certificate of appealability.

## V.     Conclusion

Mr. Leavy's petition is time-barred. For that reason, the Court recommends that Judge Moody dismiss the pending petition for writ of habeas corpus, with prejudice. And because there is no substantial showing that Mr. Leavy was denied a constitutional right, the Court should decline to issue a certificate of appealability.

DATED this 27th day of August, 2015.

_____
UNITED STATES MAGISTRATE JUDGE